UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEBORAH THERIOT** | * | **CIVIL ACTION NO.** |
| **VERSUS** | * | **JUDGE** |
| **THE BUILDING TRADES UNITED PENSION TRUST FUND aka THE PENSION FUND** | * | **MAGISTRATE** |

* * * * * * * * * * * * * * * * * * * * * * * * *******

## COMPLAINT

COMES NOW, Deborah Theriot, (hereafter, "Plaintiff") appearing herein through undersigned counsel, who states as follows:

1.

Plaintiff is an individual of the full age of majority, and a resident of Gretna, State of Louisiana.

2.

Made Defendant herein is The Building Trades United Pension Trust Fund, also known as The Pension Fund ("Fund"). The Fund is an employee benefit plan within the meaning of the Employment Retirement Income Security Act of 1974 ("ERISA") §§ 3(2), (3) and (37), and 502 and 515. The Fund maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122-0530.

3.

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1332. These sections give the district court jurisdiction over actions that arise under the laws of the United States and the Employee Retirement Income Security Act of 1974 ("ERISA") and actions that arise under diversity jurisdiction, 29 U.S.C. 1132(e)(1) and 1132(f). These sections

provide the district courts with jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan and/or to address failures to provide required notices and information related to the particular benefit plan at issue and to address breaches of fiduciary duties in connection with benefit plans. The Eastern District of Louisiana is the proper venue for this action pursuant to 28 U.S.C. 1391 and 29 U.S.C. 1132(e)(2).

## BACKGROUND OF CLAIMS

4.

At all material times, Mrs. Audry L. Hamann was a survivor beneficiary under the pension fund of her late husband, Robert A. Hamann. Plaintiff is the daughter and designated beneficiary of Mrs. Hamann under the provisions of the pension benefit plan at issue in this case.

5.

On January 11, 2017, Mrs. Hamann applied for the Post-Retirement Survivor Benefit ("Survivor Benefits") pursuant to the pension fund. According to the plan benefit illustration sheet, under "Elective Lump Sum Benefit," the sheet states:

> You, the survivor, may instead elect to receive the benefit as an actuarially equivalent lump sum. **If you initially elect a monthly benefit payment, you may elect <u>at any time in the future</u> to receive the remainder of the Post-Retirement Survivor benefit as a lump sum**. (emphasis added)

6.

By letter dated March 1, 2017, Mrs. Hamann received notice from The Fund that her January 11 application for Survivor Benefits monthly annuity had been approved. In the same March 1 letter, Mrs. Hamann was advised that, "[a]t any time in the future, you may elect to receive a lump sum final payment of this benefit by contacting this office." As of March 1, 2017, the lump sum would have been $71,399.64.

7.

Mrs. Hamann had failed to check the application box indicating that she desired a lump sum benefit on her original application form. Mrs. Hamann then received a Change Form from The Fund and corrected her omission by electing that a lump sum payment be made.

8.

The Fund acknowledged receipt of Mrs. Hamann's letter and Change Form. During the pendency of The Fund's processing of Mrs. Hamann's request for payment in a lump sum, Mrs. Hamann passed away. On April 18, 2017, The Fund sent a letter to Plaintiff's brother, Carl Panebiango, advising him that The Fund had been notified of his mother's death and that "no further benefits are payable…". Also on April 18, 2017, The Fund sent a letter to Plaintiff stating as follows:

> Plan documents state that the Joint and Survivor benefit is payable for the survivor's lifetime. Therefore the payment dated April 1, 2017 was the final payment Mrs. Hamann was eligible to receive from this Fund. The paperwork Mrs. Hamann submitted for a Lump Sum payment was for May 1, 2017 and would not be payable due to the fact that she was not living at that time.

9.

**COUNT I: Claim for Distribution of Benefits pursuant to 29 U.S.C. § 1132(a)(1)(B)**

The Fund unreasonably refuses to honor Mrs. Hamann's application for lump sum benefits which she completed and submitted before her death. Applicable plan terms call for The Fund to pay a lump sum survivor benefit at any time that the Survivor Beneficiary may elect. Mrs. Hamann validly elected to receive her Survivor Benefit in a lump sum prior to her death. The Fund's refusal to honor this request constituted a clear breach of The Fund's plan express terms.

10.

In rendering its decision on Mrs. Hamann's election form, The Fund acted under a conflict of interest because the denial of benefits directly inured to the financial advantage of The Fund, which served claims administrator and plan sponsor. This conflict compromised The Fund's duty to provide a full and fair review of Mrs. Hamann's claim. The Fund further denied the opportunity for full and fair review by deciding Mrs. Hamann's claim without providing Mrs. Hamann or her representative an opportunity to be heard, without conducting an administrative review, without providing a copy of The Fund's pension plan documents or summary plan description (SPD) and without ERISA compliant notice of the denial to Mrs. Hamann or her representatives.

11.

In denying Mrs. Hamann's claim for lump sum payment of her survivor benefit, The Fund discriminated against Mrs. Hamann's claim in a manner that had not been applied toward other survivor beneficiaries.

12.

Complainant submits that The Fund's actions should be reviewed under a de novo standard of review. Alternatively, The Fund's refusal to honor Mrs. Hamann's election of the lump sum payment completed and executed prior to her death, without a full and fair hearing, without providing copies of applicable plan documents despite request and in derogation of express plan terms constitutes an abuse of The Fund's discretion. As a result of The Fund's refusal to honor Mrs. Hamann's election of the lump sum payment, Plaintiff remains without the substantial benefits to which she is entitled.

13.

## COUNT II: Claim for Failure to Produce Requested Information under 29 U.S.C. § 1132(c)

The Fund offered post-retirement survivor benefits to eligible applicants and required that applicants designate a beneficiary. This designation expressly entitles the beneficiary to "Death Benefits or remaining Ten Year Certain Benefits" of which the Plaintiff herein seeks to avail herself. To identify the coverage terms, Plaintiff requested a copy of the plan documents, including a complete copy of the plan agreement, under ERISA, 29 U.S.C. § 1132(c). To date, The Fund has failed to provide the requested documents.

14.

Plaintiff asserts that she is entitled to penalties for The Fund's failure to deliver to her the appropriate formal written and signed plan documents, as is required under 29 U.S.C. § 1001 *et seq.*, thereby triggering the penalties available under 29 U.S.C. § 1132(c).

15.

The Fund's refusal to provide the plan documents deprived Plaintiff of knowledge of key plan provisions necessary to the handling of her claim and constituted a breach of fiduciary duty by the plan administrator as records custodian for the plan.

16.

## COUNT III: Claim for Breach of Fiduciary Duties pursuant to 29 U.S.C. § 1132(a)(3)

In the alternative, The Fund's breach of fiduciary duties owed to Plaintiff under ERISA is three-fold. Firstly, The Fund breached its fiduciary duties arising out of its failure to comply with ERISA procedures, including failure to make the SPD available to Plaintiff to reasonably apprise her of her rights and obligations under the plan. On information and belief, The Fund drafted the plan documents as well as the SPDs. The Fund therefore had complete discretion to

interpret the plan documents and had complete discretion with respect to decision-making on plan benefit claims.

17.

Secondly, given its authorship of all applicable plan documents and the SPD, The Fund further violated fiduciary duties owed to Plaintiff by operating under a conflict of interest in that it was the entity that was charged with deciding whether benefits should be paid, and was the entity that was to pay said benefits. This dual role resulted in a conflict of interest because The Fund was entrusted with interpretation of the plan documents where it stands to benefit financially from an adverse benefit determination.

18.

In the event that the plan terms of The Fund pension plan, which have not yet been provided to Plaintiff, support the position taken by The Fund herein, then the Fund violated fiduciary duties owed to Mrs. Hamann by failing to disclose these limitations upon the lump sum recovery right in the SPD and by preparing plan illustrations and application forms that misled Survivor Beneficiaries in the belief that lump sum payment of survivor benefits would be available at any time.

19.

Thirdly, in the event that The Fund is statutorily prohibited from making lump sum payments, or that such payments are subject to relevant statutory restrictions, the representation in the plan documents indicating the possiblility to "elect to receive the benefit as an actuarially equivalent lump sum" under the heading "Elective Lump Sum Benefit" where such election or benefit is not permitted by law constitutes a breach of The Fund's fiduciary duties under ERISA to fully and accurately disclose plan terms.

20.

## COUNT IV: Violation of Duty of Good Faith and Fair Dealing pursuant to La. R.S. 22:1973

Plaintiff asserts that she is entitled to penalties, attorney's fees and punitive damages as The Fund's conduct in denying her benefits as the listed beneficiary is arbitrary and capricious and without probable cause, in violation of La. R.S. 22:1973. Additionally, The Fund's denial was not in good faith as it did not provide Plaintiff with an opportunity for administrative review based on its language in correspondence to Plaintiff indicating that any claim for remaining benefits would be denied.

WHEREFORE, Plaintiff prays, after all legal delays and due proceedings, that there be judgment rendered herein in favor of Plaintiff Deborah Theriot and against Defendant The Building Trades United Pension Trust Fund declaring that The Fund is liable to Plaintiff for the sum of $71,399.64, and to pay all damages and penalties due Plaintiff, including attorney's fees, damages, penalties, interest and all costs of these proceedings, with legal interest thereon from date of demand.

    Respectfully submitted,

    **TAGGART MORTON, LLC**

    s/Perry R. Staub, Jr.
    PERRY R. STAUB, JR.  (#12414)
    1100 Poydras Street, Suite 2100
    New Orleans, Louisiana 70163-2100
    Telephone: (504)-599-8500
    Facsimile:  (504)-599-8501
    pstaub@taggartmorton.com
    **Counsel for Plaintiff Deborah Theriot**