UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH THERIOT** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-10250** |
| **BUILDING TRADES UNITED PENSION TRUST FUND** | **SECTION I** |

### ORDER & REASONS

Before the Court is the Building Trades United Pension Trust Fund's ("the Fund") motion[1] for reconsideration of the Court's order[2] granting Deborah Theriot's ("Theriot") motion[3] to reopen this action. Theriot opposes[4] the motion. The Fund filed a reply[5] in support of the motion.

### I.

On April 15, 2021, the Court ordered that this action be stayed and administratively closed, to be re-opened on motion within thirty days of the Fund's final determination of the benefit claim asserted by Theriot in her capacity as independent administrator of the Estate of Audry Hamann.[6] On April 12, 2022, Theriot filed a motion to reopen the case, stating that the Fund issued a denial letter pertaining to Theriot's claim on February 11, 2022.[7] The motion was not noticed for

---

[1] R. Doc. No. 140.
[2] R. Doc. No. 138.
[3] R. Doc. No. 136.
[4] R. Doc. No. 144.
[5] R. Doc. No. 148.
[6] R. Doc. No. 135.
[7] R. Doc. No. 136, at 1.

submission. The Court granted the motion.[8] In the instant motion, defendant requests that the Court reconsider its order reopening the action.

## II.

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). Rule 54(b) is less stringent than Rule 59(e), which governs motions to alter or amend a final judgment. *Id.*

In its motion for reconsideration, the Fund submits that the motion to reopen should have been noticed for submission in order to provide the Fund with the opportunity to oppose the motion.[9] The Court agrees that the Fund should have the opportunity to oppose the motion. The Court will therefore vacate its order granting the motion.

---

[8] R. Doc. No. 138.
[9] R. Doc. No. 140-2, at 3.

## III.

With the motion to reopen pending once again, the Court will consider the parties' arguments as to whether the motion to reopen should be granted. The Fund correctly notes that the Court's Order required Theriot to file her motion within thirty days of the Fund's final determination, and that Theriot filed her motion more than thirty days after the Fund rendered its final determination.[10] The Fund states that Theriot was required, but failed, to file a motion pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which provides that a court may extend a deadline, after that deadline has already passed, "on motion . . . if the party failed to act because of excusable neglect."[11] The Fund submits that the Court should therefore deny Theriot's motion to reopen as untimely. Further, the Fund submits that, because it is no longer possible for Theriot to timely file a motion to reopen the action, the action should be dismissed with prejudice.[12]

Because both parties also addressed Rule 6(b)(1)(B)'s standard for granting a motion to extend a deadline after the deadline has already passed—and because the Fund had the opportunity to respond to Theriot's Rule 6(b)(1)(B) arguments in its reply memorandum—the Court obtained the parties' consent to deem Theriot's

---

[10] R. Doc. No. 140-2, at 1.
[11] *Id.* at 2.
[12] *Id.* at 8.

memorandum[13] not only as an opposition to the motion for reconsideration, but also as a motion to extend the deadline to reopen the case pursuant to Rule 6(b)(1)(B).[14]

Rule 6(b)(1)(B) provides that the Court may extend a deadline after the deadline has already passed if the party's failure to comply with the deadline was due to "excusable neglect." "Whether a party is entitled to relief for excusable neglect is a determination that is 'at bottom an equitable one, taking account of all relevant circumstances.'" *Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 282–83 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). The Court must consider:

> (1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith.

*Salts v. Epps,* 676 F.3d 468, 474 (5th Cir. 2012) (quoting Wright & Miller, Fed. Prac. & Proc. § 1165 (3d ed. 1998)).[15]

---

[13] R. Doc. No. 144.

[14] Accordingly, the Court will also consider the Fund's arguments as to Rule 6(b)(1)(B), raised in its memorandum in support of the motion to reconsider and reply memorandum, R. Doc. Nos. 140-1, 148.

[15] The term "excusable neglect" appears in several federal rules, including Rules 6(b) and 60(b) of the Federal Rules of Civil Procedure. The Fifth Circuit routinely uses the same standard for "excusable neglect" across all such rules. *See, e.g.*, *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 881 n.5 (5th Cir. 1998) (noting that "excusable neglect has the same meaning across procedural contexts"); *Homelife in the Gardens, LLC v. Landry*, No. 16-15549, 2018 WL 310377, at *2 (E.D. La. Jan. 5, 2018) (Africk, J.) (same standard for Rules 6(b) and 60(b) of the Federal Rules of Civil Procedure).

Theriot submits that her counsel failed to save the Court's Order[16]—administratively closing the action and stating that the action must be re-opened on motion within thirty days of the Fund's final determination of Theriot's benefit claim—to her client file.[17] Because the date upon which the Fund would issue its final determination was not known at the time the Order was issued, Theriot's counsel was not able to calendar a specific deadline for filing a motion to reopen at the time that the Order was issued.[18] Theriot's counsel submits that this was a mistake, and that it was not made in bad faith.[19]

Defendant correctly notes[20] that the Fifth Circuit has sometimes concluded that mistakes by counsel does not constitute excusable neglect. *See, e.g., Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018) (failure to calendar a deadline does not constitute excusable neglect under Rule 60(b)(1)); *Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 F. App'x 431, 432 (5th Cir. 2012) (same).

However, in other instances, the Fifth Circuit has concluded that mistakes of counsel may constitute excusable neglect, as detailed below. This is because "the reason for the delay and whether it was within the control of the movant" is but one of several factors that the Court must evaluate in determining excusable neglect.

---

[16] R. Doc. No. 135.
[17] R. Doc. No. 144, at 4.
[18] *Id.*
[19] *Id.* at 5.
[20] *See* R. Doc. No. 140-2, at 5–6; R. Doc. No. 148, at 2.

*Salts,* 676 F.3d at 474. While mistakes of counsel "usually go[ ] against finding excusable neglect . . . . in some instances, other considerations may outweigh this negative factor and tip the balance in favor of allowing additional time." *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 881–82 (5th Cir. 1998) (citing *Pioneer,* 507 U.S. at 392).

Indeed, the Fifth Circuit recently emphasized that the excusable neglect inquiry "contains leeway for parties who make good-faith mistakes," noting that the Supreme Court in *Pioneer* "held that 'neglect' by definition encompasses 'omissions caused by carelessness.'" *Coleman,* 942 F.3d at 283 (quoting *Pioneer,* 507 U.S. at 388). Accordingly, the court, upon weighing a "single instance of unforeseen human error" alongside the other factors, including the lack of prejudice, concluded that the excusable neglect standard had been met. *Id.* at 284–85.

Additionally, the Fifth Circuit has previously concluded, upon considering all factors, that a district court did not abuse its discretion in determining that counsel's calendaring mistake constituted excusable neglect, "[g]iven the leeway granted to district courts under this standard [and] the minimal delay and prejudice involved." *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007). *See also Bennett v. GEO Grp., Inc.*, No. 12-60017, 2013 WL 5916765, at *3 (5th Cir. May 22, 2013) (emphasizing "the equitable nature of the test" in concluding that the district court did not abuse its discretion in determining that an attorney's error constituted excusable neglect).

Thus, the Court will consider all relevant factors in determining whether Theriot has demonstrated excusable neglect. First, defendant has not alleged that any prejudice has resulted from the delay. This factor weighs in Theriot's favor. Second, the delay was relatively short: Theriot filed her motion approximately one month late. Defendant has not alleged, nor has the Court identified, any impact that this delay has had on the proceeding. This factor weighs in Theriot's favor. Third, with respect to the reason for delay and whether it was within Theriot's control, the delay was due to a mistake by Theriot's counsel. This factor weighs in the Fund's favor. Fourth, Theriot's counsel has admitted to the mistake, and there is no indication that Theriot or her counsel acted in bad faith. This factor weighs in Theriot's favor.

The Court concludes, under the totality of the circumstances and in light of the equitable nature of the excusable neglect inquiry, that Theriot has demonstrated excusable neglect and good cause for extending the deadline to file a motion to reopen the case.[21] Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**IT IS FURTHER ORDERED** that the Court's April 18, 2022 Order[22] is hereby **VACATED**.

---

[21] Because the Court so concludes, it need not reach the parties' arguments as to whether defendant was required to state the deadline for filing a motion to reopen in its final determination letter.

[22] R. Doc. No. 138.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of the deadline to reopen the action is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion[23] to reopen is **GRANTED**.

New Orleans, Louisiana, June 17, 2022.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[23] R. Doc. No. 136.