UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBORAH THERIOT                                    CIVIL ACTION

VERSUS                                             No. 18-10250

THE BUILDING TRADES UNITED                         SECTION I
PENSION TRUST FUND, ET AL.

## ORDER & REASONS

Before the Court is a motion[1] by plaintiff Deborah Theriot ("plaintiff") for leave to file a third amended complaint. Defendants, The Building Trades United Pension Trust Fund ("the Fund") and The Pension Fund's Board of Trustees ("the Board") (collectively, "defendants"), oppose[2] the motion with respect to the proposed amendments to paragraph 26 and Counts II, IV, and V. For the reasons that follow, the Court will grant the motion in part and deny the motion in part.

## I. BACKGROUND

The Court has previously recounted the facts alleged in plaintiff's second amended complaint[3] in detail in its 2019 Order regarding defendants' motion to dismiss.[4] Robert A. Hamann ("Mr. Hamann") participated in a pension plan ("the Plan") sponsored and underwritten by the Fund and administered by the Board of Trustees.[5] Mr. Hamann died on December 30, 2016, and his wife, Audrey L. Hamann

---

[1] R. Doc. No. 154 (motion); R. Doc. No. 162 (reply).
[2] R. Doc. No. 156 (opposition); R. Doc. No. 172 (sur-reply).
[3] R. Doc. No. 44.
[4] R. Doc. No. 51.
[5] R. Doc. No. 44, at ¶¶ 2 & 4; R. Doc. No. 10-1, at 2.

("Mrs. Hamann") became entitled to post-retirement survival benefits by the express terms of the Plan.[6]

On January 11, 2017, Mrs. Hamann submitted her application for the post-retirement survivor benefit to the Fund.[7] The application form allows the applicant to choose how she will receive her benefits: as a monthly annuity or as a lump sum equivalent.[8] The benefit illustration sheet explains:

> You, the survivor, may instead elect to receive the benefit as an actuarially equivalent lump sum. If you initially elect a monthly benefit payment, you may elect at any time in the future to receive the remainder of the Post-Retirement Survivor benefit as a lump sum.[9]

Mrs. Hamann elected to receive her benefits under the monthly annuity option.[10]

In a letter dated March 1, 2017, Mrs. Hamann received notice that her application for survivor benefits had been approved and that she would receive monthly payments of $693.63.[11] The letter also advised Mrs. Hamann that she could elect to receive her benefits in a lump sum "at any time in the future."[12] That same month, the Fund mailed Mrs. Hamann a change form whereby she could convert her monthly benefits into a lump sum payment.[13] The Fund instructed Mrs. Hamann to return the change form "by April 5, 2017 to receive the payment on May 1, 2017."[14]

---

[6] R. Doc. No. 44, at ¶ 4; R. Doc. No. 10-1, at 2.

[7] R. Doc. No. 44, at ¶ 5; R. Doc. No. 10-1, at 2.

[8] R. Doc. No. 44, at ¶ 5; *see* R. Doc. Nos. 10-3 & 10-5.

[9] R. Doc. No. 44, at ¶ 5; R. Doc. No. 10-3.

[10] R. Doc. No. 44, at ¶ 5; R. Doc. No. 10-1, at 2 (citing R. Doc. No. 10-5).

[11] R. Doc. No. 44, at ¶ 6; R. Doc. No. 20-2, at 2.

[12] R. Doc. No. 44, at ¶ 6; R. Doc. No. 20-2, at 1–2.

[13] R. Doc. No. 44, at ¶ 7; R. Doc. No. 10-1, at 3; R. Doc. No. 10-6.

[14] R. Doc. No. 10-6, at 1.

Mrs. Hamann completed and returned the change form, which the Fund received on April 4, 2017.[15] Mrs. Hamann passed away on April 5, 2017.[16]

After Mrs. Hamann's death, her daughter, Theriot, inquired about the lump sum payment.[17] The Court has previously recounted the extensive correspondence between Theriot and the Fund in great detail,[18] and summarizes only the most pertinent correspondences below.

The Fund sent Theriot a letter dated April 18, 2017 explaining that she was not entitled to the lump sum payment:

> Plan documents state that the Joint and Survivor benefit is payable for the survivor's lifetime. Therefore[,] the payment dated April 1, 2017 was the final payment Mrs. Hamann was eligible to receive from this Fund. The paperwork Mrs. Hamann submitted for a Lump Sum payment was for May 1, 2017 and would not be payable due to the fact that she was not living at that time.[19]

On January 5, 2018, Theriot's then-counsel wrote to the Fund requesting payment of the outstanding lump sum benefit.[20] On March 2, 2018, the Fund sent Theriot a letter offering its explanation as to why Theriot was not entitled to payment of the lump sum benefit and advising her that she had no right to appeal an adverse plan determination or file a lawsuit because such time to pursue a claim had expired.[21]

---

[15] R. Doc. No. 44, at ¶ 7; R. Doc. No. 10-1, at 3; R. Doc. No. 10-6.
[16] R. Doc. No. 44, at ¶ 7; R. Doc. No. 10-1, at 3.
[17] R. Doc. No. 44, at ¶¶ 4 & 8.
[18] R. Doc. No. 51.
[19] R. Doc. No. 44, at ¶ 9; R. Doc. No. 10-1, at 3; R. Doc. No. 10-7.
[20] R. Doc. No. 44, at ¶ 12.
[21] *Id.* at ¶ 13.

3

In response to multiple inquiries by Theriot's counsel, the Fund sent Theriot a letter on January 4, 2019, asserting that it treated Theriot's counsel's January 5, 2018 letter "in all respects like a claim or appeal" of benefits and that the March 2, 2018 letter included the necessary information that a claim or appeal denial must include to comply with ERISA procedural requirements.[22] The letter also advised Theriot that the Fund already fulfilled her request for a full copy of plan documents and that her request for review of the adverse benefits decision was untimely.[23]

Plaintiff's second amended complaint contains five counts: Count I, a claim for benefits, pursuant to 29 U.S.C. § 1132(a)(1)(B); Count II, failure to provide a full and fair review of an adverse benefits determination, pursuant to 29 U.S.C. § 1133; Count III, failure to produce plan documents, pursuant to 29 U.S.C. § 1132(c); Count IV, breach of fiduciary duties, pursuant to 29 U.S.C. § 1132(a)(3); and Count V, interference with protected rights, pursuant to 29 U.S.C. § 1140.

On July 17, 2019, the Court granted, in part, defendants' motion to dismiss, dismissing Counts I and IV for failure to exhaust administrative procedures, and Counts II and V for failure to state a claim.[24] On November 4, 2019, the Court granted defendants' motion for summary judgment, dismissing Count III.[25] On September 30, 2019, the Court denied plaintiff's motion for reconsideration.[26]

---

[22] R. Doc. No. 44, at ¶ 17.
[23] *Id.* at ¶ 18.
[24] R. Doc. No. 51, at 43.
[25] R. Doc. No. 111.
[26] R. Doc. No. 100.

Plaintiff appealed to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit determined that plaintiff did not fail to exhaust administrative remedies. *Theriot v. Bldg. Trades United Pension Trust Fund*, 850 F. App'x. 231, 239, 241 (5th Cir. 2021). The Fifth Circuit vacated this Court's dismissal of plaintiff's claims for failure to exhaust administrative remedies and remanded the action to this Court, with instructions to refer plaintiff's claims to the Eligibility Committee for an initial benefits determination on the merits. *Id.* at 241–42. This Court remanded plaintiff's claims to the Fund for a benefits determination and stayed and administratively closed the action pending said determination.[27]

On February 11, 2022, the Fund notified plaintiff that her administrative appeal was denied.[28] The action was subsequently reopened in this Court,[29] and plaintiff filed the instant motion[30] for leave to file a third amended complaint.

Plaintiff seeks to amend her complaint to include several new allegations of procedural violations during the post-remand administrative review. Specifically, plaintiff proposes inserting a paragraph ("Paragraph 26"), which alleges that plaintiff's counsel was excluded from portions of the administrative proceedings, that the Fund discriminated against plaintiff during remand, and that the Fund's February 11, 2022 denial letter failed to comply with ERISA requirements.[31] Plaintiff incorporates these allegations into Count II, claiming that the lack of notice in the

---

[27] R. Doc. No. 135.
[28] R. Doc. No. 136.
[29] R. Doc. No. 155.
[30] R. Doc. No. 154.
[31] R. Doc. No. 154-2, at 8 ¶ 26; R. Doc. No. 162, at 6; R. Doc. No. 144-3.

February 2022 letter violated plaintiff's right to a "full and fair review,"[32] and Count

IV, claiming that these new "procedural irregularities" were also breaches of the

Fund's fiduciary duties.[33]

Defendants oppose the amendments to Paragraph 26, Count II, and Count IV

based on their futility, arguing that the complaint as amended would be subject to

dismissal.[34] Additionally, defendants, in sur-reply, seek the dismissal of Count V, in

response to arguments raised by plaintiff in her reply memorandum.[35]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings

"shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although Rule

15 "evinces a bias in favor of granting leave to amend," it is not automatic. *United

States ex rel. Lin v. Mayfield*, 773 F. App'x. 789, 790 (5th Cir. 2019) (quotation

omitted). A decision to grant leave is within the discretion of the trial court. *Id.*

However, a "district court must possess a 'substantial reason' to deny a request for

leave to amend." *Id.* (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

The "futility of the amendment" is one such reason. *Id.* "[A]n amended complaint is

futile 'if the complaint as amended would be subject to dismissal.'" *Rohi v. Brewer (In

re ABC Dentistry, P.A.)*, 978 F.3d 323, 325 (5th Cir. 2020) (quoting *Varela v. Gonzales*,

773 F.3d 704, 707 (5th Cir. 2014)). Futility is evaluated "under the same standards

---

[32] R. Doc. No. 154-2, at 12 ¶ 37.
[33] R. Doc. No. 154-2, at 13 ¶ 43.
[34] R. Doc. No. 156, at 2.
[35] R. Doc. No. 172, at 7.

as a dismissal under Rule 12(b)(6)." *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 437 (5th Cir. 2021) (citing *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016)).

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint or part of a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); *see Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570). If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

In assessing the complaint, a court must accept all well-pleaded facts as true and construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). "[T]he Court must typically limit itself to the contents of the pleadings, including attachments thereto." *Admins. of the Tulane Educ. Fund v. Biomeasure, Inc.*, 2011 WL 4352299, at *3 (E.D. La. Sept. 16, 2011) (Vance, J.) (citing

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). In assessing a complaint, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (alteration in original)).

## III. ANALYSIS

### A. Count II: Failure to Provide a Full and Fair Review, 29 U.S.C. § 1133

Title 29, United States Code, Section 1133, provides that every employee benefit plan shall—

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

"Challenges to ERISA procedures are evaluated under the substantial compliance standard." *LaFleur v. La. Health Serv. & Indem. Co.*, 563 F.3d 148, 157–58 (5th Cir. 2013). "[T]echnical noncompliance with ERISA procedures will be excused so long as the purpose of section 1133 has been fulfilled." *Id.* (quoting *Wade*

8

*v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 539 (5th Cir. 2007)). "The purpose of section 1133 is "to afford the beneficiary an explanation of the denial of benefits that is adequate to ensure meaningful review of that denial." *Id.* (quoting *Wade*, 493 F.3d at 539).

"Remand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA." *Id.* at 157 (collecting cases). However, the court can grant substantive damages when "the record establishes that the plan administrator's denial of the claim was an abuse of discretion as a matter of law." *Id.* at 158 (quotation omitted). "If the administrative record reflects, at minimum, a colorable claim for upholding the denial of benefits, remand is usually the appropriate remedy." *Id.* at 158 (quotation omitted).

In Count II, plaintiff asserts that the Fund deprived her of a "full and fair review" of an adverse benefits determination, in violation of 29 U.S.C. § 1133.[36] Plaintiff alleges that the Fund violated ERISA's procedural requirements both before and after the matter was remanded to the Eligibility Committee. The Fund argues that the amendments to Count II are futile.[37]

First, with respect to plaintiff's allegations as to procedural deficiencies in the pre-remand administrative proceedings,[38] plaintiff has already been granted a

---

[36] R. Doc. No. 154-2, at 11–12 ¶¶ 34–38.
[37] R. Doc. No. 156, at 6–7.
[38] R. Doc. No. 154-2, at 11–12 ¶¶ 34–38.

complete remedy: remand.[39] Plaintiff submits that "remand *does not* provide a 'full remedy' for all actions prior to the remand."[40] However, plaintiff does not explain why the remand did not fully remedy the pre-remand procedural violations. Instead, plaintiff submits that the pre-remand violations are relevant insofar as they "establish[] a pattern of conduct that failed to provide a full and fair review" and also as factual support for Counts III, IV, and V.[41] However, a count may not survive dismissal on the basis that it provides factual support for other counts.

Second, plaintiff alleges that additional procedural violations occurred during the post-remand administrative process.[42] Plaintiff generally asserts that the Fund "failed to apprise plaintiff of her rights under ERISA and applicable regulations" during the post-remand process.[43] Plaintiff's only specific allegation regarding the post-remand process is that defendant failed to instruct plaintiff on "her right to appeal the adverse benefits determination and the time limits applicable to the same."[44] Plaintiff argues that defendant's February 2022 letter informing plaintiff that the Fund had denied plaintiff's administrative appeal violated ERISA because it did not convey the time limits governing plaintiff's possible application for judicial review.[45]

---

[39] R. Doc. No. 135.
[40] R. Doc. No. 162, at 6.
[41] *Id.* at 6–7.
[42] *Id.* at 12 ¶ 37.
[43] *Id.* at 11 ¶ 34–38.
[44] *Id.* at 12 ¶ 37.
[45] *Id.* at 12 ¶ 37; R. Doc. No. 162, at 3–6 (citing R. Doc. No. 144-3).

It is undisputed that defendant's February 2022 letter did not inform plaintiff of any time limits for judicial review.[46] The crux of the disagreement between plaintiff and defendant is whether this omission violated ERISA and certain federal regulations. Plaintiff argues that the contents of the February 2022 letter is regulated under the requirements of 29 C.F.R. § 2560.503-1(g),[47] while the Fund argues that the letter is regulated under 29 C.F.R. § 2560.503-1(j).[48]

The February 2022 letter is governed by subsection (j). Subsection (g) establishes the requirements of the contents of the "initial denial notice," which is the notice following the first decision made by the administrative body. *See, e.g.*, *Theriot*, 850 F. App'x. at 234–35 (citing 29 C.F.R. § 2560.503-1). Subsections (h) and (i), by contrast, address the availability and timing of an administrative appeal of the "initial denial notice." *Id.* Finally, subsection (j) provides the requirements for the contents of the "denial notice for any [administrative] appeal." *Id; see also Lee v. Hartford Life & Accident Ins. Co.*, 928 F. Supp. 2d 51, 53–54 (D.D.C. 2013) (explaining 29 C.F.R. 2560.503-1(g)-(j)). The February 2022 letter was not the notice of the denial for the initial administrative determination, but instead was the notice of the denial of the administrative appeal.[49] Thus, it is governed by subsection (j) rather than subsection (g).

---

[46] R. Doc. No. 144-3.

[47] R. Doc. No. 162, at 4.

[48] R. Doc. No. 156, at 6. Plaintiff argues that defendants admitted subsection (g) is applicable to the February 2022 letter by claiming compliance with subsection (g) previously in this case. R. Doc. No. 162, at 4. However, defendants' claim of compliance pertained to the March 2018 letter.

[49] R. Doc. No. 144-3 (letter denying appeal).

Defendants' February 2022 letter substantially complies with the requirements of subsection (j). As defendant notes, subsection (j) only imposes an obligation to inform plaintiff of contractual time limits for judicial review when the claim is for disability benefits. *See* 29 C.F.R. § 2560.503-1(j)(4)(ii). Because this is not a disability benefits case, this requirement does not apply.[50] Accordingly, Count II fails to state a claim upon which relief can be granted with respect to post-remand proceedings. Because Count II as amended would be subject to dismissal under Rule 12(b)(6), leave to amend is denied as to Count II.

## B. Count IV: Breach of Fiduciary Duties, 29 U.S.C. § 1132(a)(3)

Title 29, United States Code, Section 1132(a)(3) provides that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

Section 1132(a)(1)(B) provides that a civil action may be brought:

> by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

---

[50] This case is distinguishable from *Moyer v. Metro Life Ins. Co.*, 762 F.3d 503 (6th Cir. 2014), which is cited by plaintiff, because *Moyer* involved a determination on disability benefits, which therefore fell within subsection (j)(4)(ii). *Id.* at 504.

An ERISA plaintiff "may bring a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) when no other remedy is available." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.,* 892 F.3d 719, 733 (5th Cir. 2018) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 510–15 (1996)). If a plaintiff "has an adequate mechanism for redress under § 1132(a)(1)(B)," then they "may not simultaneously plead claims under § 1132(a)(3)." *Id.* at 734; *see also Manuel v. Turner Indus. Grp., LLC,* 905 F.3d 859, 867 (5th Cir. 2018) (affirming dismissal of § 1132(a)(3) claims when they could instead be raised pursuant to § 1132(a)(1)(B)).[51]

Plaintiff alleges that the Fund breached its fiduciary duties to plaintiff, in violation of 29 U.S.C. § 1132(a)(3).[52] The Fund argues that the proposed amendments to Count IV are futile.[53] In its 2019 Order on defendants' motion to dismiss, the Court concluded that the claims in Count IV—specifically, with respect to "procedural irregularities," the defendant's "dual role" conflict of interest, and alleged misrepresentations in the SPD—are properly raised pursuant to § 1132(a)(1)(B), rather than § 1132(a)(3).[54] Thus, the Court must now determine whether plaintiff's proposed amendments would change this conclusion.

---

[51] The Court has previously expounded on this issue. *See* R. Doc. No. 51, at 31.

[52] R. Doc. No. 154-2, at 13–14 ¶¶ 42–45.

[53] R. Doc. No. 156, at 8–13.

[54] R. Doc. No. 51, at 32–37. Because the Fifth Circuit's opinion in this case was decided solely on the basis that plaintiff did not fail to exhaust her available administrative remedies, the court did not reach the question whether the claims raised in Count IV should be raised pursuant to § 1132(a)(1)(B).

Plaintiff's proposed third amended complaint makes two substantive additions to Count IV.[55] First, plaintiff alleges additional "procedural irregularities," which occurred during the post-remand process.[56] As the Court has previously stated, "the completeness of the administrative record[,] whether the plan administrator complied with ERISA's procedural regulations[,] and the existence and extent of a conflict of interest created by a plan administrator's dual role" can be brought under § 1132(a)(1)(B) instead of § 1132(a)(3).[57] There is an "unbroken line" of cases in which "[the Fifth Circuit] has allowed claims administration issues to be raised in ERISA § 502(a)(1)(B) causes of action." *Manuel*, 905 F.3d at 867 (citing *White v. Life Ins. Co. of N. Am.*, 892 F.3d 762, 769–70 (5th Cir. 2018)). Like plaintiff's previously alleged procedural irregularities, the newly alleged procedural irregularities are properly raised pursuant to § 1132(a)(1)(B).

Second, plaintiff alleges an additional misrepresentation by defendant: specifically, that Mrs. Hamann was entitled to the lump-sum benefits if she timely submitted the application to convert her benefits to a lump-sum payment.[58] As the Court stated when addressing the alleged misrepresentations contained in the second amended complaint, *Manuel* emphasizes that the Court should focus on the underlying alleged injury to determine whether a claim is duplicative of the claim for

---

[55] Compare R. Doc. No. 154-2, at 13–14 ¶¶ 42–45, with R. Doc. No. 44, at 10–11 ¶¶ 30–33.

[56] R. Doc. No. 154-2, at 13 ¶ 43.

[57] R. Doc. No. 51, at 33–34 (citing *Manuel*, 905 F.3d at 867).

[58] R. Doc. No. 154-2, at 14 ¶ 45.

benefits.[59] As with plaintiff's previous allegations as to misrepresentations, plaintiff

has failed to demonstrate that the newly-alleged misrepresentation resulted in any

harm or injury other than the denial of benefits, and simply reiterates that she was

denied the lump sum benefit even though the Plan states that a survivor can elect to

receive the lump sum benefit at any time.[60]

Because plaintiff may seek redress for these claims pursuant to § 1132(a)(1)(B),

it is appropriate to dismiss these claims. Because Count IV as amended would be

subject to dismissal under Rule 12(b)(6), leave to amend is denied as to Count IV.[61]

## C.  Count V: Claim for Interference with Protected Rights, 29 U.S.C. § 1140

In sur-reply, defendants submit for the first time that the Court should dismiss

Count V.[62] Defendants cites plaintiff's statement, made in her reply memorandum,

that she is not alleging that the Fund treated her less favorably than other claimants,

---

[59] R. Doc. No. 51, at 35 (citing *Manuel*, 905 F.3d at 865–66).
[60] *Id.* at 36.
[61] That plaintiff's claims fall within § 1132(a)(1)(B) is a sufficient basis to dismiss said claims. However, Count IV is additionally deficient because § 1132(a)(3) provides only for equitable relief, yet plaintiff does not request equitable relief in her proposed amended complaint. *See* R. Doc. No. 154-2, at 15 ¶ 48. The Court has previously addressed this same failure to request equitable relief when addressing Theriot's second amended complaint. *See* R. Doc. No. 51, at 36 n.89. The Fifth Circuit has cautioned, in this context, that "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used" *Innova*, 892 F.3d at 733 (quoting *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013)). However, even if the Court were to construe plaintiff's request for damages as a request for monetary surcharge—an equitable remedy discussed at greater length in the Court's 2019 Order, R. Doc. No. 51, at 36 n.89—the Fifth Circuit has held that a request for a surcharge pursuant to § 1132(a)(3) must be dismissed where § 1132(a)(1)(B) provides an adequate mechanism for redress. *Innova*, 892 F.3d at 733–34. For the reasons stated above, such is the case in this matter.
[62] R. Doc. No. 172, at 7.

which defendants assert is tantamount to admitting that defendants did not discriminate against her, in violation of 29 U.S.C. § 1140.[63] The Court will provide plaintiff with the opportunity to respond before determining whether dismissal is warranted.

## D. Paragraph 26

Finally, the Fund argues that plaintiff's proposed amendments to paragraph 26 "cannot survive a motion to dismiss brought pursuant to Rule 12(b)(6)," because, *inter alia*, the allegations are too conclusory and because the conduct alleged in the paragraph is not unlawful.[64] However, paragraph 26 is part of plaintiff's recitation of the factual background of the case and is not a claim. The Court cannot "dismiss" a factual allegation pursuant to Rule 12(b)(6). Of course, the Court can consider whether plaintiff's legal claims are adequately supported by the factual allegations of the complaint, including Paragraph 26. If a legal claim is not adequately supported by the complaint's factual allegations, then the appropriate course of action is to dismiss the claim, not the factual allegations. Accordingly, the Court will grant leave to amend as to Paragraph 26.

---

[63] *Id.* at 7–8.
[64] R. Doc. No. 156, at 2.

## IV. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED that** the motion is **GRANTED** as to Paragraph 26 only.

**IT IS FURTHER ORDERED** that plaintiff shall file a third amended complaint, in accordance with this Order, **no later than AUGUST 1, 2022**.

**IT IS FURTHER ORDERED** that Count II and Count IV are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff shall respond to the Fund's arguments as to Count V **no later than AUGUST 1, 2022**. Defendants shall file any reply **no later than AUGUST 4, 2022**.

**IT IS FURTHER ORDERED** that the motion[65] to extend discovery deadlines is **DENIED**.

New Orleans, Louisiana, July 26, 2022.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[65] R. Doc. No. 164.