UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH THERIOT** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-10250** |
| **BUILDING TRADES UNITED PENSION TRUST FUND** | **SECTION I** |

### ORDER & REASONS

On July 27, 2022, the Court issued an Order & Reasons, granting in part and denying in part plaintiff Deborah Theriot's ("plaintiff") motion for leave to file a third amended complaint.[1] The Court noted that defendants, The Building Trades United Pension Trust Fund ("the Fund") and The Pension Fund's Board of Trustees ("the Board") (collectively, "defendants"), raised an argument that Count V of the complaint should be dismissed in their sur-reply. The Court stated that it would defer its ruling with respect to whether dismissal was warranted until plaintiff had the opportunity to respond to defendants' argument. The Court has now considered the parties' memoranda[2] on the matter. For the reasons that follow, the Court will dismiss Count V with prejudice.[3]

### I.

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint or part of a complaint when a plaintiff fails to set forth well-pleaded factual allegations that

---

[1] R. Doc. No. 173.

[2] R. Doc. Nos. 179, 181.

[3] The factual and procedural background of this matter is set forth in detail in several of the Court's previous orders. *See, e.g.*, R. Doc. Nos. 173, 51.

"raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); *see Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570). If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

In assessing the complaint, a court must accept all well-pleaded facts as true and construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). "[T]he Court must typically limit itself to the contents of the pleadings, including attachments thereto." *Admins. of the Tulane Educ. Fund v. Biomeasure, Inc.*, 2011 WL 4352299, at *3 (E.D. La. Sept. 16, 2011) (Vance, J.) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). In assessing a complaint, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). The complaint "must provide the defendant

with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (alteration in original)).

## II.

In Count V, plaintiff asserts that defendants discriminated against her, in violation of 29 U.S.C. § 1140. Specifically, she alleges that "The Fund discriminated against Plaintiff's exercise of her appeal and judicial review rights by failing to provide an initial formal claim denial and by subsequently instructing her that she had no rights to judicial review or administrative review, in violation of Section 510 of ERISA."[4]

ERISA Section 510, codified at 29 U.S.C. § 1140, "Interference with protected rights," provides in relevant part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act . . . . The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

The Fifth Circuit recently held that claims pursuant to § 1140 "may be maintained against nonemployers." *Manuel v. Turner Indus. Grp., L.L.C.*, 905 F.3d

---

[4] R. Doc. No. 178, at 14 ¶ 46.

859, 871 (5th Cir. 2018). However, the court "[did not address] the circumstances under which a non-employer may be liable under Section [1140]," and has yet to "reach a conclusion on . . . the reach of Section [1140] liability" in this context." *Sherrod v. United Way Worldwide*, 821 F. App'x 311, 315 (5th Cir. 2020).

Section 1140 is enforced pursuant to the provisions of § 1132. Section 1132(a)(1)(B) provides that a civil action may be brought:

> by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Section 1132(a)(3) provides that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

Several circuits have held that § 1140 must be enforced pursuant to § 1132(a)(3). *See, e.g.*, *Teutscher v. Woodson*, 835 F.3d 936, 946 (9th Cir. 2016) (noting that § 1140 "does not provide compensatory damages," but "does provide prospective relief" pursuant to § 1132(a)(3)); *Eichorn v. AT&T Corp.*, 484 F.3d 644, 652–53 (3d Cir. 2007) (holding that § 1140 is enforced pursuant to § 1132(a)(3) and collecting cases); *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1247 (10th Cir. 2004) (Section 1132(a)(3) "provides the plan participant with his exclusive remedies" for a § 1140 violation); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir. 1992) (same). It appears that the Fifth Circuit has not addressed this issue.

As discussed in previous orders, § 1132(a)(3) only provides for equitable relief. Plaintiff has not requested equitable relief in her complaint,[5] although her failure to do so is not dispositive. The Fifth Circuit has cautioned, in this context, that "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 733 (5th Cir. 2018) (quoting *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013)).

Equitable relief pursuant to § 1132(a)(3) may take the form of monetary compensation in certain circumstances. For instance, as previously explained,[6] an ERISA plaintiff "may bring a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) when no other remedy is available." *Innova,* 892 F.3d at 733. Equitable relief for such a claim may be granted in the form of a surcharge, which is "monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Gearlds v. Entergy Servs, Inc.*, 709 F.3d 448, 451 (5th Cir. 2013) (discussing *CIGNA Corp. v. Amara,* 563 U.S. 421, 441–42 (2011)).

With respect to §1140 in particular, the Ninth Circuit has explained that § 1140, as enforced pursuant to § 1132(a)(3), "provide[s] prospective relief for an

---

[5] With respect to relief, the third amended complaint requests "that there be judgment rendered herein in favor of Plaintiff Deborah Theriot and against Defendants The Building Trades United Pension Trust Fund and its Board of Trustees declaring that Defendants are liable to Plaintiff for the sum of $64,825.10, and to pay all damages and penalties due Plaintiff, including attorney's fees, damages, penalties, interest and all costs of these proceedings, with legal interest." R. Doc. No. 178, at 14–15.

[6] Order & Reasons, R. Doc. No. 173, at 13.

employee who suffered retaliatory discharge by giving courts the equitable authority to reinstate the employee to her former position." *Teutscher*, 835 F.3d at 946 (9th Cir. 2016). However, when reinstatement is not possible or imprudent, "front pay" may be awarded in equity as a substitute. *Id.* at 946–47. This is one example of the type of equitable remedy that may involve monetary compensation in the context of § 1140; there may be others.

The Court, "focus[ing] on the substance of the relief sought, and the allegations pleaded, not on the label used," *Innova,* 892 F.3d at 733, cannot discern an appropriate basis for monetary equitable relief with respect to Count V.[7] Accordingly,

**IT IS ORDERED** that Count V is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, August 8, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[7] This conclusion alone provides a sufficient basis to dismiss Count V. However, the Court would also dismiss Count V on the basis that plaintiff's claim that defendants discriminated against her in violation of § 1140 fails to state a claim for relief, pursuant to Rule 12(b)(6).