## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEBORAH THERIOT** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-10250** |
| **BUILDING TRADES UNITED PENSION TRUST FUND** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion,[1] pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72.2, by defendant Building Trades United Pension Trust Fund ("the Fund") to review the U.S. Magistrate Judge's ("magistrate judge") order[2] requiring the Fund to submit to a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Also before the Court is plaintiff Deborah Theriot's ("Theriot") motion[3] to extend the deadline to file pretrial motions and continue the pretrial conference in this matter. For the following reasons, the Court affirms the magistrate judge's order and grants the motion to continue the pretrial motions deadline and pretrial conference.

### I.    FACTUAL BACKGROUND

This Court has previously described at length the facts giving rise to this case, and here recounts only the relevant procedural history. Theriot filed this action in 2018, seeking to recover a lump sum benefit allegedly owed to her late mother by the

---

[1] R. Doc. No. 198.
[2] R. Doc. No. 194.
[3] R. Doc. No. 200.

Fund.[4] On November 4, 2019, this Court granted summary judgment in favor of defendant and dismissed the case with prejudice.[5] After seeking reconsideration,[6] which this Court denied,[7] plaintiff appealed the ruling. The Fifth Circuit vacated this Court's judgment and remanded the case with instructions to refer Theriot's claim back to the Fund.[8] This Court did so, and stayed and administratively closed the case with instructions that any party could move to reopen the case "within thirty days of a final determination" by the Fund.[9] The Fund again denied Theriot's claim.

Following plaintiff's motion,[10] the Court reopened the case.[11] The Fund moved for reconsideration of that order on the basis that plaintiff's motion to reopen was untimely.[12] This Court agreed that the motion to reopen was untimely and vacated the original order reopening the case, but it also found that plaintiff's failure to timely move to reopen constituted excusable neglect and therefore found good cause to extend the deadline.[13] On June 17, 2022, the Court again ordered the case reopened.[14]

On June 2, 2022, while the dispute over the reopening was ongoing, Theriot filed a motion seeking leave to file an amended complaint.[15] The Fund opposed that

---

[4] R. Doc. No. 1.
[5] R. Doc. No. 114.
[6] R. Doc. No. 120.
[7] R. Doc. No. 126.
[8] R. Doc. No. 130.
[9] R. Doc. No. 135.
[10] R. Doc. No. 136.
[11] R. Doc. No. 138.
[12] R. Doc. No. 140.
[13] R. Doc. No. 155.
[14] *Id.*
[15] R. Doc. No. 154.

motion as to plaintiff's proposed amendments to paragraph 26 and Counts II and IV.[16] While the motion for leave to amend was pending, Theriot filed a motion to continue scheduling deadlines[17]—including the discovery deadline, set for August 22, 2022[18]— which the Fund also opposed.[19] On July 27, 2022, this Court granted plaintiff's motion to amend as to paragraph 26 and dismissed Counts II and IV with prejudice.[20] In the same order, the Court denied plaintiff's motion to extend scheduling deadlines.[21] Plaintiff filed her amended complaint on August 3, 2022.[22] On August 9, 2022, in response to an argument raised by the Fund in a sur-reply in support of its opposition to the motion for leave to amend the complaint, the Court dismissed Count V of the complaint with prejudice.[23]

On August 2, 2022, the day before Theriot filed her amended complaint, Theriot filed a motion to compel the Fund to produce certain documents and to submit to a corporate deposition regarding the Fund's administrative handling of the claim after remand from the Fifth Circuit.[24] Pursuant to Local Rule 72.1, that motion was referred to the U.S. Magistrate Judge assigned to this matter. The magistrate judge held oral argument on the motion on August 17, 2022, and on the same day ordered that the Fund produce certain documents and that it submit to a corporate deposition

---

[16] R. Doc. No. 156.
[17] R. Doc. No. 164.
[18] R. Doc. No. 142, at 2 (setting discovery deadline).
[19] R. Doc. No. 168.
[20] R. Doc. No. 173.
[21] *Id.* at 17.
[22] R. Doc. No. 178.
[23] R. Doc. No. 185.
[24] R. Doc. No 177-1.

regarding post-remand claim administration issues.[25] The magistrate judge ordered that the plaintiff produce a list of proposed topics for the deposition by August 18, 2022, and that the deposition "be conducted by September 9, 2022, unless the parties agree to a later date."[26]

Twelve days after the magistrate judge's order, the Fund filed objections to the magistrate judge's order.[27] As filed, the Fund's objections failed to comply with Local Rule 72.2, which requires that motions for review of a magistrate judge's order "be noticed for submission to the district judge in the manner provided in [the Local Rules] for motions." The Fund properly filed a motion for review of the magistrate judge's order on September 2, 2022. In its motion, the Fund contends that there is no good cause justifying the magistrate judge's order that the Fund submit to the deposition after the August 22 discovery deadline.[28] Plaintiff opposed the motion,[29] and the Fund filed a reply in support.[30]

## II.    STANDARDS OF LAW

### a.  Review of Magistrate Judge's Order

Rule 72 of the Federal Rules of Civil Procedure governs a district court's review of a magistrate judge's decision on a pretrial matter. Rule 72 requires that a party who objects to a magistrate judge's ruling must "serve and file objections to the order

---

[25] R. Doc. No. 194.
[26] *Id.* at 2.
[27] R. Doc. No. 197.
[28] R. Doc. No. 198, at 3.
[29] R. Doc. No. 201.
[30] R. Doc. No. 205.

within 14 days after being served with a copy."[31] Rule 72(a) provides that a district judge reviewing an order on a non-dispositive matter may "modify or set aside any part of the order that is clearly erroneous or contrary to law." Rule 72(b) provides that a district judge reviewing an order on a dispositive matter "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." A discovery order, such as the order to submit to a deposition challenged here, is non-dispositive and it is reviewed pursuant to Rule 72(a). *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 550 F. Supp. 3d 364, 375 (E.D. La. 2021) (Vance, J.) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). When reviewing an order pursuant to Rule 72(a), "[a] magistrate judge's legal conclusions are reviewed *de novo*, while factual findings will not be overturned unless clearly erroneous." *Dials v. Phillips 66 Co.*, No. 21-1660, 2022 WL 3368042, at *4 (E.D. La. Aug. 16, 2022) (Ashe, J.) (citing *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014)).

**b. Deposition After Close of Discovery and Good Cause Standard**

"Unless the court orders otherwise, the parties may stipulate" that a deposition "be taken before any person, at any time or place, on any notice." Fed. R. Civ. P. 29(a). A stipulation "extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery." Fed.

---

[31] The Court notes that, due to its failure to comply with Local Rule 72.2, as noted above, the Fund's motion for review of the magistrate judge's decision falls outside of this 14-day window. The magistrate judge's order was issued on August 17, making objections due on August 31. R. Doc. No. 194. The Fund did not file a motion for review of the decision in compliance with Local Rule 72.2 until September 2, 2022. Because the motion to review fails on the merits, the Court does not address the timeliness issue.

5

R. Civ. P. 29(b). In the absence of a stipulation by the parties, a showing of good cause is required to order a deposition after the close of discovery. Fed. R. Civ. P. 16(b)(4); *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, No. MDL 2328, 2014 WL 1154334, at *3 (E.D. La. Mar. 21, 2014) (Vance, J.). Good cause exists where "the party seeking relief [shows] that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Bowman v. R.L. Young, Inc.*, No. 21-1071, 2022 WL 3998641, at *3 (E.D. La. Sept. 1, 2022) (Vitter, J.) (citing *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotations omitted)).

The Fifth Circuit instructs that courts should consider four factors regarding the good cause determination: "(1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification of the scheduling order; (3) the potential prejudice that could result from allowing the modification; and (4) the availability of a continuance to cure that prejudice." *In re Pool Prods.*, 2014 WL 1154334, at *3 (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

## III.   ANALYSIS

First, the Court notes that the magistrate judge's written order does not state the factual grounds on which the order for the deposition is based. The order, issued after oral argument, states that "[p]laintiff is entitled to a second corporate deposition of the Fund, limited to post-remand claims administration issues."[32] The Fund asserts that "the Magistrate Judge did not make any relevant findings of fact for the

---

[32] R. Doc. No. 194, at 2.

Court to defer to" since "she made no findings as to whether Plaintiff had made a showing of good cause under Rule 16(b)(4)."[33] Since the magistrate judge's order does not state factual findings to which this Court can defer, the Court will independently determine whether the plaintiff has established good cause justifying ordering a deposition after the close of discovery.

The dispute between the parties comes down to when a reasonably diligent plaintiff would have sought a court-ordered deposition. Defendant argues that plaintiff "had all the facts that she needed" to support seeking a court-ordered deposition by June 21, 2022.[34] Plaintiff argues that her August 2, 2022, motion for a court-ordered deposition reflects reasonable diligence in light of the "numerous outstanding matters" outlined above.[35]

First, plaintiff notes that the second order reopening the case was not issued until June 17.[36] Defendant responds that this order was issued "more than two months before the close of discovery," leaving "plenty of time" for plaintiff "to apply for leave to conduct a second deposition" before the close of discovery.[37]

Next, plaintiff notes that the motion for leave to amend was not granted until July 27, and the order dismissing Count V was not issued until August 9.[38] Plaintiff argues that "the claims on which [p]laintiff would be allowed to proceed[ ] were

---

[33] R. Doc. No. 205, at 1.
[34] *Id.* at 4–5.
[35] R. Doc. No 201, at 2.
[36] *Id.* at 2.
[37] R. Doc. No. 205 at 3.
[38] R. Doc. No. 201, at 2–3.

crucial issues that had to be resolved before [p]laintiff could schedule and take a corporate deposition."[39] In reply, defendant argues that, based on defendant's objections to the amendment of the complaint, "[p]laintiff knew by June 21, 2022 . . . that the Court's rulings would not affect Counts I and III" and that "[p]laintiff therefore did not need to know the fate of Counts II, IV, and V of the [c]omplaint before applying to the Court for leave" for a second deposition.[40]

Finally, plaintiff notes that the scheduling order setting the August 22 deadline for discovery was issued prior to the disputes over the reopening and amendment of the complaint, and that she sought to extend the discovery deadline before seeking a court-ordered deposition.[41] As noted above, the Court denied that extension on July 27, 2022.

Plaintiff argues that, since she filed her motion seeking a deposition on August 2, shortly after this Court's denial of an extension and before the discovery deadline, she "did not delay" in seeking the deposition.[42] Defendant responds that these facts do indicate delay, because "[p]laintiff did not need any discovery before deciding that she wanted to conduct a second deposition" as she initially requested one from the Fund in early June and she "did not need to conduct any discovery to know that" the first deposition occurred before remand and "that there were additional administrative procedures and responses to document requests" after remand.[43]

---

[39] *Id.* at 3.
[40] R. Doc. No. 205, at 3.
[41] R. Doc. No. 201, at 3.
[42] *Id.*
[43] R. Doc. No. 205, at 4.

First, plaintiff's explanation for the timing of her motion seeking the deposition reflects reasonable diligence. Plaintiff actively sought the deposition by (1) requesting it directly from defendant in June, (2) asking this Court to extend the discovery deadline in July, and (3) finally filing a motion for a court-ordered deposition in August. Cases denying leave to conduct depositions after the close of discovery have found parties' explanations for delay lacking where, for example, they "had over a year to notice [the] deposition" but failed to do so, *In re Pool Prods.*, 2014 WL 1154334, at *4; where they first sought deadline extensions after the close of discovery, *Robinson v. Babin*, No. 12–00629, 2014 WL 897421, at *3 (M.D. La. Mar. 6, 2014); or did not "begin the process of taking depositions" until near the end of the discovery period, *Prideaux v. Tyson Foods, Inc.*, 387 F. App'x 474, at 478 (5th Cir. 2010). Here, in contrast, plaintiff initially sought the deposition over two months before the discovery deadline and sought a court-ordered deposition more than two weeks before the discovery deadline, even while some of the disputes noted above were yet to be resolved. The first factor of the good cause test therefore weighs in favor of finding good cause supporting the magistrate judge's order.

The remaining good cause factors—the importance of the proposed modification of the scheduling order, the potential prejudice that could result, and the availability of a continuance—are not addressed by either party. As to the importance of the deposition, the Court presumes that discovery regarding the post-remand denial of plaintiff's claim will be important to the resolution of this case. Neither party has asserted, much less pointed to any reason, that the ordered

deposition would cause prejudice. Finally, if either party is prejudiced, the requested continuance of the pretrial motions deadline and pretrial conference, discussed below, should cure that prejudice.

The numerous disputes in this case, including the instant one, have made adherence to the original scheduling order impracticable. In particular, the Court notes that the instant motion for review of the magistrate judge's order was noticed for submission to this Court on September 21, 2022, the same day that pretrial motions were due to be submitted for consideration. The Court therefore finds that there is good cause to extend the deadline for pretrial motions and to continue the pretrial conference and trial in this matter. Fed. R. Civ. P. 16(b)(4). Accordingly, and contrary to this Court's usual practice, the motion to continue the pretrial motions deadline and pretrial conference will be granted. The trial will also be continued due to scheduling issues resulting from this order.

Accordingly,

**IT IS ORDERED** that the magistrate judge's order is **AFFIRMED**. The parties shall conduct the ordered deposition by **OCTOBER 5, 2022**.

**IT IS FURTHER ORDERED** that the motion[44] to continue the pretrial motions deadline and the pretrial conference is **GRANTED**. Any pretrial motions, including dispositive motions, must be noticed for submission to this Court on or before **OCTOBER 19, 2022**. The pretrial conference is **CONTINUED** to **FEBRUARY 8, 2023 at 9:00 a.m.** The trial is **CONTINUED** to **MARCH 13,**

---

[44] R. Doc. No. 200.

**2023 at 8:30 a.m**.  However, all other deadlines remain as scheduled.

New Orleans, Louisiana, September 21, 2022.


_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**